United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20609
Conference Calendar

_____

LAWRENCE HIGGINS,

Plaintiff-Appellant,

versus

TROY BENNETT, JR., Clerk, Court of Criminal Appeals,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-2497
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lawrence Higgins, Texas prisoner # 1060189, proceeding pro
se and in forma pauperis ("IFP"), appeals the dismissal pursuant
to 28 U.S.C. § 1915(e)(2)(B)(ii) of his civil rights complaint
filed pursuant to 42 U.S.C. § 1983 for failing to state a claim
upon which relief may be granted. Higgins argues that Troy
Bennett, Jr., Clerk of Court for the Texas Court of Criminal
Appeals, deprived him of his constitutional right of access to
the federal courts by failing to notify him in a timely manner

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the state court had dismissed his state habeas application, thereby delaying the filing of his federal habeas petition.

Higgins has not established that he was unable to proceed in a court case or that his federal habeas petition has been dismissed or is likely to be dismissed as untimely because of the clerk of court's allegedly late notice. Higgins thus has not established prejudice or an actual injury from the clerk's alleged failure to give timely notice and therefore has not established that he has standing to bring his claim or that his right of access to the courts has been violated. See Lewis v. Casey, 518 U.S. 343, 349-51 (1996).

Consequently, the district court's dismissal of Higgins's complaint is AFFIRMED. Higgins's motion to supplement the record on appeal is DENIED.

The district court's dismissal of Higgins's lawsuit constitutes one strike for purposes of the 28 U.S.C. § 1915(g) bar. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Higgins that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED; MOTION DENIED.